IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WAYNE PETTAWAY,             )
    Petitioner,            )
                            )
    v.                     )    2:11-cv-1596
                            )
GENERAL ATTONEY OF          )
PENNSYLVANIA, et al.,       )
    Respondents.           )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Wayne Pettaway an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Pettaway is presently serving two concurrent ten to twenty year sentenced imposed following his entry of a plea of guilty due to mental illness to charges of aggravated assault, possession of a weapon, recklessly endangering another person and harassment at No. CC20065725 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on March 18, 2008.[1]

    As disclosed by the Court of Common Pleas Docket Sheet, the plea was entered on October 24, 2007 and sentence was imposed on March 18, 2008. No appeal was pursued but on April 9, 2008, Pettaway filed a post-conviction petition; counsel was appointed to represent him; an amended petition was filed on September 17, 2008 and on December 15, 2008, leave to withdraw the post-conviction petition was granted.[2] No further challenges to the conviction were made.

---

[1] See: Petition at ¶¶ 1-6 as well as the Docket Sheet of the Court of Common Pleas of Allegheny County, CP-02-CR-5725-2006 which is available on the Pennsylvania Unified Judicial System webportal, http://ujportal.pacourts.us.

[2] Appended to his submission, Pettaway has submitted a December 17, 2009 letter of his attorney stating "if you want me to seek reinstatement of your PCRA petition and withdrawal of your plea (and if you are permitted to

1

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In the instant case, it is clear that the petitioner has failed to exhaust the available state court remedies and as a result a procedural default has occurred. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

---

withdraw your plea, you could face imposition of the mandatory minimum 3-strikes sentence of 25-50 years if you go to trial and lose), let me know." Apparently no further activity occurred.

>     demonstrate that failure to consider the claim will result in a fundamental
>     miscarriage of justice.

Because no such showing is made here, the petitioner has failed to exhaust the available state court remedies and no further consideration of his petition is warranted here.

>     Additionally, It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:
>
>     (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>     (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case an appeal to the Pennsylvania appellate courts was never pursued. If review by the state's highest court is not sought, the conviction becomes final when the time in which to seek such review expires. Gonzalez v. Thaler,   U.S.   (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not challenge his conviction and thus it became final under Pennsylvania law thirty days after sentence was

3

imposed, or on April 17, 2008.[3] The instant petition was executed on December 13, 2011 or over three and a half years after the conviction became final and for this reason it is time barred here.

Thus as a result of the petitioner's failure to exhaust the available state court remedies and the untimeliness of his petition, it is subject to dismissal here. Accordingly, the petition of Wayne Pettaway for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[3] Pa.R.App.P. 903(a).

ORDER

AND NOW this 12th day of January, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Wayne Pettaway for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchel
United States Magistrate Judge